UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEILA SANTIAGO and AIDA L. COLON,<br>    Plaintiffs | CIVIL ACTION NO. |
| v. | TRIAL BY JURY DEMANDED |
| BARBERINO CAR COUNTRY, LLC d/b/a<br>BARBERINO MITSUBISHI,<br>    Defendant | AUGUST 3, 2016 |

## COMPLAINT

### I. INTRODUCTION

1.  This is a suit brought under the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* ("ECOA") against a car dealership regarding the purchase and sale of a motor vehicle. Plaintiffs also assert pendent state law claims under the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat §42-110a *et seq.* Plaintiffs bring this action to recover actual, statutory, and punitive damages, reasonable attorney's fees, and costs from the defendant.

### II. PARTIES

2.  Plaintiff Keila Santiago ("Santiago") is a natural person residing in New Britain, Connecticut.

3.  Plaintiff Aida L. Colon ("Colon") is a natural person residing in New Britain, Connecticut and is Santiago's mother.

4.  Defendant Barberino Car Country, LLC d/b/a Barberino Mitsubishi ("Barberino Mitsubishi") is a domestic limited liability company that operates an automobile dealership in Watertown, Connecticut.

### III. JURISDICTION

5. Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6. This court has jurisdiction over the defendant because it is organized under the laws of the state of Connecticut and regularly conducts business in this state.

7. Venue in this court is proper, because the parties reside in Connecticut, and the claims involve a transaction that occurred in Connecticut.

### IV. FACTUAL ALLEGATIONS

8. On or about May 27, 2016, Santiago and Colon went to Barberino Mitsubishi, because Santiago was interested in purchasing a car.

9. Santiago agreed to purchase a new 2016 Mitsubishi Outlander (the "Outlander"), and she completed a credit application.

10. The Outlander was displayed on Barberino's lot with new car sticker, known as a Monroney Sticker, showing a manufacturer's retail price ("MSRP") of $23,590, including a destination charge of $895.00.

11. There were no signs or other tags on the Outlander indicating that Barberino was asking a different price for the Outlander.

12. On information and belief, the Outlander was also advertised on Barberino's website for a sale price of $22,590, representing the MSRP less a rebate.

13. Barberino Mitsubishi advised Santiago that she was not approved for a loan and that she would need a co-signer.

14. Colon agreed to co-sign, and the salesman in the transaction, Joe Garcia ("Garcia") provided them with a single credit application to complete.

15. Santiago and Colon completed the credit application jointly, and they left the dealership, which was about to close.

16. Santiago and Colon returned to Barberino the next day, and Garcia told them that he had misplaced the credit application that they had completed the night before, and he provided them with new, separate applications to complete.

17. After waiting a couple of hours, Garcia informed Santiago and Colon that they were approved for financing, and he turned them over to a finance manager to sign the purchase documents.

18. Unbeknownst to Colon and Santiago, the contract documents, which included a retail purchase order and a retail installment sales contract, listed only Colon as the purchaser of the Outlander.

19. Also unbeknownst to Colon and Santiago, the contract documents provided for a cash price of the Outlander of $27,046, which was considerably more than the $23,590 MSRP.

20. Both Colon and Santiago were asked to sign documents, some of which pertained to the transfer of another vehicle that was owned jointly by Colon and Santiago that was being traded-in as part of the transaction.

21. Colon executed the purchase order and retail installment contract without either Colon or Santiago realizing that Santiago was not listed as a buyer of the Outlander.

22. The retail installment contract was assigned to Gateway One Lending and Finance ("Gateway").

23.     Upon information and belief, Barberino Mitsubishi made knowing and intentional misrepresentations to Gateway regarding the optional equipment that was included on the Outlander and/or the value of the Outlander to deceive Gateway into believing that the Outlander was worth more than its actual value in order to induce it to accept assignment of the Contract.

24.     Colon executed the Contract and agreed to be liable for the payments for Santiago's Vehicle without compensation, and she is a "Co-Signer" within the meaning of the Federal Trade Commission's Credit Practices Rule, 16 C.F.R. § 444.3.

## V.     CAUSES OF ACTION

### A. Equal Credit Opportunity Act

25.     Santiago applied to Barberino Mitsubishi for credit, and her application for credit was denied.

26.     Barberino Mitsubishi failed to provide Santiago with written notification as to the reasons for the denial of her credit application and failed to provide her with written notification of (a) Plaintiff's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification and (b) the identity of the person or office from which such a statement may be obtained.

27.     Barberino Mitsubishi is liable to Santiago for statutory punitive damages in an amount not greater than $10,000 pursuant to 15 U.S.C. § 1691e(b).

### B. Connecticut Unfair Trade Practices Act

28.     Barberino Mitsubishi's conduct, as aforedescribed, was deceptive and unfair and in violation of CUTPA as follows:

   a. It acted deceptively by causing Colon to enter into the purchase without her or Santiago realizing that Santiago was not the primary purchaser;

   b. It charged more than the advertised price for the Outlander;

   c. It charged more than the MSRP for the Outlander after having displayed the Outlander on its lot with the Monroney Sticker and without having alerted Plaintiffs that a higher price was being charged;

   d. It caused Colon to become indebted for an amount that was substantially greater than the value of the Outlander;

   e. It failed to give Santiago notice that her credit had been turned down; and

   f. It failed to include Santiago on the contract and instead obligated only Colon.

29. Barberino Mitsubishi's violations have caused Plaintiffs to suffer ascertainable losses and damages in that Colon is responsible for a loan that she did not want for a vehicle that she intended only to co-sign for, and the Outlander was sold at a price that was substantially greater than its value.

30. For Barberino Mitsubishi's violations of CUTPA, Plaintiffs seek actual damages, punitive damages and a reasonable costs and attorney's fee.

**Wherefore, Plaintiffs claim** actual damages and statutory punitive damages in an amount not greater than $10,000 under the ECOA, actual and punitive damages, attorney's fees and costs under CUTPA, and such other further relief to which Plaintiffs are entitled at law or in equity.

Plaintiffs demand a trial by jury.

> PLAINTIFFS, KEILA SANTIAGO and AIDA L. COLON
>
> By: /s/ *Daniel S. Blinn*
>    Daniel S. Blinn, ct02188
>    Consumer Law Group, LLC
>    35 Cold Spring Rd. Suite 512
>    Rocky Hill, CT  06067
>    Tel. (860) 571-0408
>    Fax. (860) 571-7457
>   dblinn@consumerlawgroup.com